UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PAUL HILL,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:16-CV-1651-TLN-CMK<br><br>**ORDER** |

This matter is before the Court on Plaintiff David Paul Hill's ("Plaintiff") Motion for Attorney's Fees, Costs, and Expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF No. 33.) Defendant Commissioner of Social Security ("Defendant") filed an opposition to the Motion, (ECF No. 34), and Plaintiff submitted a reply (ECF No. 35.) For the reasons set forth below, the Court GRANTS in part and DENIES in part Plaintiff's Motion and awards Plaintiff $21,988.53 in attorney's fees and $232.45 in costs and expenses.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed an action on July 18, 2016, seeking judicial review of a final administrative decision denying his application for Social Security disability benefits. (ECF No. 1.) On April 26, 2018, the Court issued an order determining the Administrative Law Judge ("ALJ") erred in evaluating the medical record — specifically regarding the inclusion of the opinion of Plaintiff's

medical providers — and remanded the matter for further administrative hearings. (ECF No. 27.)

On July 16, 2018, Plaintiff filed this Motion, seeking an award of attorney's fees, costs, and expenses pursuant to the EAJA in the amount of $20,226.31. (ECF No. 33.) Defendant filed an opposition on July 21, 2018, arguing Plaintiff is not entitled to an award, and in the alternative, the award requested is unreasonable. (ECF No. 34 at 1.) Shortly thereafter, Plaintiff submitted a reply with modifications to the amount requested. (ECF No. 35.)

## II. STANDARD OF LAW

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). The term "fees and other expenses" includes "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

A party eligible to receive an award of attorney's fees under the EAJA must be the prevailing party who received a final judgment in the civil action. 28 U.S.C. § 2412(d)(2)(H). A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]" 28 U.S.C. § 2412(d)(2)(B)(i). A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 300–01, (1993). "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." *Gutierrez*, 274 F.3d at 1257.

The party seeking the award of EAJA fees has the burden of proof that fees requested are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also Atkins v. Apfel*, 154 F.3d 986 (9th Cir. 1998). As a result, "[t]he fee applicant bears the burden of documenting the appropriate hours expended in the litigation, and must submit evidence in support of those hours

2

worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992); *see also* 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court an application for fees and other expenses which shows . . . the amount sought, including an itemized statement from any attorney . . . stating the actual time expended"). The court has an independent duty to review the evidence to determine the reasonableness of the hours requested in each case. *See Hensley*, 461 U.S. at 433, 436–47.

"The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." *Atkins*, 154 F.3d at 987 (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)). Where documentation of the expended time is inadequate, the court may reduce the requested award. *Hensley*, 461 U.S. at 433, 436–47. Further, "hours that were not 'reasonably expended'" should be excluded from an award, including "hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434. A determination of the number of hours reasonably expended is within the Court's discretion. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484–85 (9th Cir. 1988).

### III. ANALYSIS

Plaintiff seeks attorney's fees in the amount of $22,585.72 and costs and expenses in the amount of $232.45.[1] (ECF No. 35 at 1.) Plaintiff has assigned any award to his attorney, Barbara Marie Rizzo ("Plaintiff's Counsel"), and requests the award be paid directly to Plaintiff's Counsel. (ECF No. 33 at 2.) Plaintiff contends he is entitled to the requested award as the prevailing party in this action and because Defendant's position at the administrative level and in District Court was not substantially justified. (ECF No. 33 at 3, 7.) Defendant argues Plaintiff is not entitled to attorney's fees and costs under the EAJA because Defendant's position was substantially justified. (ECF No. 34 at 4–8.) Alternatively, Defendant argues that if the Court finds EAJA fees are warranted, the amount Plaintiff requests is not reasonable. (ECF No. 34 at 8.) Plaintiff's reply addresses Defendant's various arguments. (ECF No. 35.)

---

[1] This is the updated amount Plaintiff requests in his Reply, which includes additional attorney's fees for time spent drafting the reply. (*See* ECF No. 35.)

The Court will first evaluate whether Defendant's position was substantially justified and determine if Plaintiff is entitled to an award. Then, the Court will address the reasonableness of the requested award and the assignment of any fees awarded.

### A. Defendant's Position was not Substantially Justified

The EAJA provides that a prevailing party other than the United States should be awarded fees and other expenses incurred by that party in any civil action brought by or against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1). "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." *Gutierrez*, 274 F.3d at 1257. Here, Plaintiff is an individual whose net worth did not exceed two million dollars at the time this action was filed. (*See* ECF No. 33 at 3.) On April 26, 2018, the Court ordered Plaintiff's case be remanded to the SSA for additional administrative proceedings. (*See* ECF No. 27.) Consequently, Plaintiff is considered a prevailing party for the purposes of the instant motion.

The burden of proof that the position was substantially justified rests on the government. *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Gutierrez*, 274 F.3d at 1258 (9th Cir. 2001). The question of whether the position of the government is substantially justified includes "both the government's litigation position and the underlying agency action giving rise to the civil action." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). A position is "substantially justified" if it has a reasonable basis in law and fact. *Pierce*, 487 U.S. at 565–66; *United States v. Marolf*, 277 F.3d 1156, 1160 (9th Cir. 2002). Substantially justified has been interpreted to mean "justified to a degree that could satisfy a reasonable person" and "more than merely undeserving of sanctions for frivolousness." *Pierce*, 487 U.S. at 565; *see also Marolf*, 277 F.3d at 1161.

For the purposes of this motion, the ALJ's decision is treated as the underlying agency action. *See Meier*, 727 F.3d at 870. The Court previously found that the ALJ committed legal error by failing to provide "clear and convincing" reasons supported by substantial evidence for rejecting the opinion of Plaintiff's treating physician and physician's assistant. (ECF No. 27 at

4

3.) Therefore, the Court remanded the case back to the agency for further proceedings. (ECF No. 27 at 6.) Defendant argues Plaintiff is not entitled to EAJA fees merely because he prevailed in court when the Court remanded the matter for additional administrative proceedings. (ECF No. 34 at 2.) Defendant further asserts that substantial justification exists for the underlying ALJ decision and the government's litigation position. (ECF No. 34 at 4–5.) Having reviewed the pleadings and the arguments made by the parties, the Court finds Defendant's position in the underlying agency action was not substantially justified.

At the outset, the Court will address and dismiss one of the arguments Defendant alludes to. Defendant argues that of the six issues Plaintiff raised, Plaintiff prevailed on only one, and therefore the totality of the ruling demonstrates the reasonableness of Defendant's position. (ECF No. 34 at 5.) This fact in itself is irrelevant to the instant motion. For the purposes of the EAJA, the Court must decide whether Defendant's position was substantially justified based upon the issue on which the case was overturned, not every issue Plaintiff raised. *See Hardisty v. Astrue*, 592 F.3d 1072, 1078 (9th Cir. 2010).

Next, the Court does agree that the mere fact that a court reversed and remanded a case for further proceedings "does not raise a presumption that [the government's] position was not substantially justified." *Kali v. Bowen*, 854 F.2d 329, 335 (9th Cir. 1988). However, when the government violates its own regulations, fails to acknowledge settled circuit case law, or fails to adequately develop the record, its position is not substantially justified. *See Gutierrez*, 274 F.3d at 1259–60; *Sampson v. Chater*, 103 F.3d 918, 921–22 (9th Cir. 1996); *Flores v. Shalala*, 49 F.3d 562, 570, 572 (9th Cir. 1995).

Here, the Court remanded Plaintiff's case because the ALJ's decision to discount the opinions of Plaintiff's medical providers lacked the support of substantial evidence in the record. (ECF No. 27 at 5.) In the order remanding this case, the Court specifically noted that the ALJ's decision included "boilerplate language" that failed to sufficiently identify which medical evidence the ALJ relied on to reject the opinions of the medical providers. (ECF No. 27 at 3.) Defendant argues that the Court incorrectly found the ALJ improperly relied on Plaintiff's daily activities to reject the medical providers opinions. (ECF No. 34 at 7.) The Court disagrees and

5

points out that the ALJ must make "specific findings relating to [the daily] activities" and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)). Defendant also focuses on the Court's statement that ALJ need not explicitly recite an analysis of each of the required factors for weighing Plaintiff's medical providers' statements. (ECF No. 34 at 8.) However, Defendant overlooks the rest of the sentence where the Court notes that the record must at least reflect that the ALJ actually considered and applied the appropriate factors. (ECF No. 27 at 5.) The Court went on to explain that the ALJ failed to state that he considered all the opinions in the record and instead made conclusory and cursory statements about the medical providers' testimony. (ECF No. 27 at 5.)

In addition, Defendant appears to rely on the reasoning of both the ALJ and Magistrate Judge to argue that reasonable minds could differ about whether Defendant's position was substantially justified. (ECF No. 34 at 6, 8.) First, that the ALJ agreed with Defendant in the underlying agency decision does not support a conclusion that the government's position was substantially justified. *See Meier*, 727 F.3d at 873. Moreover, to the extent Defendant relies on the Magistrate Judge's decision, the Court notes that "the fact that one court agreed or disagreed with the Government does not establish whether its position was substantially justified." *Pierce*, 487 U.S. at 569. Also, Defendant contends that the Magistrate Judge reasonably found that Defendant could cite to evidence in the record to support the ALJ's decision not to weigh the opinions of Plaintiff's medical providers. (ECF No. 34 at 6.) The Court finds that this requires the Court to affirm the agency's decision on a ground not provided by the ALJ in making the underlying decision. The Court cannot do so because the district courts in the Ninth Circuit err when they develop their own reasons to discount a medical provider's opinion rather than review the ALJ's reason for such a decision. *See Trevizio v. Berryhill*, 871 F.3d 664, 677 (9th Cir. 2017).

Finally, the Court finds *Meier v. Colvin* directly on point and controlling here as it involved a Social Security disability claimant seeking review of a denial of his motion for attorney's fees and costs under the EAJA. *See Meier*, 727 F.3d at 869. In *Meier*, the Ninth Circuit reversed a district court decision denying the plaintiff's motion for attorney's fees and

costs under the EAJA. *Id.* at 873. The court found that the ALJ failed to offer specific and legitimate reasons supported by substantial evidence for rejecting the plaintiff's medical provider's testimony. *Id.* at 872. The court determined that when an ALJ's decision is not supported by substantial evidence, "the government's underlying action was not substantially justified." *Id.* As in *Meier*, Defendant's position in defending the ALJ's flawed opinion was not substantially justified. Defendant fails to address *Meier* and instead makes unpersuasive references to other cases which are distinguishable from the matter before the Court. (ECF No. 34 at 6–7.) Further, Defendant even states that it "acknowledges that courts have found [its] position not so justified in some cases." (*See* ECF No. 34 at 4.)

Accordingly, the Court finds that Defendant's underlying position was not substantially justified. Since the underlying decision was not substantially justified, the Court need not address whether, under the second part of the substantial justification test, Defendant's litigation position was justified. *See Meier*, 727 F.3d at 872 (citing *Shafer*, 518 F.3d at 1071). Even if the Court were to reach that issue, the Court finds that Defendant's litigation position—defending the ALJ's errors on appeal—lacked the requisite justification. *See Sampson*, 103 F.3d at 922 ("It is difficult to imagine any circumstance in which the government's decision to defend its action in court would be substantially justified, but the underlying administrative decision would not." (quoting *Shalala*, 49 F.3d at 570 n.11)) (internal quotation marks omitted). Therefore, the Court finds that Plaintiff is entitled to an award of fees and costs pursuant to the EAJA.

### B. Reasonableness of the Award Requested

Fees awarded pursuant to a fee-shifting statute must be reasonable, and the party seeking those fees bears the burden of proving that they are reasonable. *See* 28 U.S.C. § 2412(d)(2)(A), *Hensley*, 461 U.S. at 437. The Court has an independent duty to review evidence of hours worked and tasks undertaken to determine the reasonableness of the fees requested for the case. *Hensley*, 461 U.S. at 433, 436–47.

Here, Plaintiff's Counsel obtained a positive outcome for Plaintiff, the Court remanded the matter for further administrative hearings. (*See* ECF No. 27.) There is no indication that a reduction of the award is warranted due to any substandard performance by Plaintiff's Counsel as

she secured a successful result for Plaintiff. Nor is there any evidence that Plaintiff's Counsel engaged in any dilatory conduct resulting in delay. Defendant contends the award requested is not reasonable for various reasons. (*See* ECF No. 34 at 9–15.) The Court will evaluate the overall reasonableness of the requested award and the arguments made in opposition to Plaintiff's request.

### i. Applicable EAJA Rate for Attorney's fees

The EAJA provides for an award of "reasonable" attorney's fees. 28 U.S.C § 2412(d)(2)(A). By statute, hourly rates for attorney's fees under EAJA are capped at $125 per hour, but district courts are permitted to adjust the rate to compensate for increases in the cost of living. 28 U.S.C. § 2412(d)(2)(A); *Sorensen v. Mink*, 239 F.3d 1140, 1147–49 (9th Cir. 2001); *Atkins*, 154 F.3d at 987. Pursuant to *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005), and the Ninth Circuit Rule 39-1.6, the Ninth Circuit maintains a list of the statutory maximum hourly rates authorized under the EAJA, as adjusted annually to incorporate increases in the cost of living.[2]

In Plaintiff's original request, he sought attorney's fees calculated at the 2017 EAJA adjusted rate of $196.79 per hour for work performed in 2016, 2017, and 2018. (ECF No. 33 at 2.) Defendant objects to this and notes that applying the 2017 rate to work performed in 2016 would exceed the statutory maximum rate within the Ninth Circuit. (*See* ECF No. 34 at 9.) In his reply, Plaintiff makes no objection to Defendant's position that Plaintiff should be awarded the 2016, 2017, and 2018 EAJA rates for work performed in those years, respectively, and therefore, Plaintiff's attorney fee request should be reduced. (ECF No. 35 at 9.)

The Court agrees that the applicable EAJA rate will be the statutory maximum as set by this circuit for the year in which the work was performed. *See Sorenson*, 239 F.3d at 1148–49. However, the parties come to different conclusions about the amount of the reduction and number of hours performed in 2016 and 2018. (*See* ECF No 34 at 10; ECF No. 35 at 9.) Defendant requests the attorney's fees be reduced by $114.48 with 33 hours in 2016 and 5.3 hours in 2018, and Plaintiff requests a $138.74 reduction with 39 hours in 2016 and 5.4 hours in 2018. (ECF

---
[2] The rates are found on that court's website: http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039.

No. 34 at 10; ECF No. 35 at 9.)  Since Plaintiff has not attached a revised attorney work log to his motion or reply, the Court turns to the Declaration of Barbara Marie Rizzo to determine the appropriate reduction. (*See* ECF No. 31.)

Having thoroughly reviewed the evidence and attorney work logs, the Court notes that neither party appropriately calculated the hours in question or the amount of reduction.  The Court finds that Plaintiff's Counsel requests 33 hours for work in 2016 and 4.4 hours for work in 2018.[3]  (*See* ECF No. 31-2 at 1–4.)  Therefore, the Court determines that the total reduction pursuant to the statutory maximum rates should be $112.22 to account for the statutory EAJA rates.  Since Plaintiff deducted $138.74 to get to the amount requested in his reply, (*See* ECF No. 35 at 1, 9), the Court finds that Plaintiff's actual adjusted request for attorney's fees is $22,616.24.

> *ii. Defendant's Overarching Arguments*

Defendant argues that at a minimum 30 hours should be deducted from the 60.1 hours Plaintiff's Counsel spent on the motion for summary judgment and corresponding reply.  (ECF No. 34 at 12.)  Defendant provides the Court with three reasons for this assertion: the fact that Plaintiff only prevailed on one of the six issues on summary judgment; Plaintiff's Counsel's experience and the "routine nature" of the case; and alleged over-briefing on the merits of the case.  (*See* ECF No. 34 at 10–12.)

The Court finds Defendant's request for an arbitrary reduction to be unsupported and unpersuasive.  First, when a plaintiff's claims all involve a common core of facts or have related legal theories, such a suit cannot be viewed as discrete claims thereby limiting awards to the prevailing party.  *Hensley*, 461 U.S. at 435.  Defendant appears to misinterpret the *Henlsey* ruling in arguing that the Court's failure to reach certain grounds is sufficient reason to reduce a fee.  *Id.*  Here, Plaintiff raised six substantive arguments which all involved the same set of facts and similar legal arguments.  Therefore, no reduction of fees is warranted under the *Hensley* ruling.  Second, the Court rejects Defendant's argument that Plaintiff's Counsel's experience and the

---

[3] This reduction does not apply to the 13.6 hours requested for work in 2018 on Plaintiff's reply.  (*See* ECF No. 35 at 18.)

"routine nature" of the case warrant a reduction in fees. While Plaintiff's Counsel may have expended a larger than typical number of hours on the merits of the case, the Court notes that Plaintiff's Counsel did not represent Plaintiff in the administrative hearing. (ECF No. 35 at 12.) To become familiar with the case, Plaintiff's Counsel had to review a 472-page transcript containing over 200 pages of medical records. (ECF No. 35 at 12.) Further, the expertise of Plaintiff's Counsel does not make the hours expended unreasonable as social security cases are fact-intensive and require a careful application of the law. *Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1213 (C.D. Cal. 2000). As such, the Court cannot agree with Defendant's classification of this case as "routine" or that Plaintiff's Counsel's experience litigating social security cases warrants a reduction in fees. Lastly, the Court finds Defendant's argument that Plaintiff's Counsel "over-briefed" to be unfounded. Having reviewed the various pleadings, the Court finds there to be no redundancy or over-briefing. Accordingly, the Court finds Defendant's aforementioned general arguments fail to demonstrate how the hours requested are unreasonable or justify an arbitrary 30-hour reduction.

Defendant goes on to make specific objections to certain time entries, which the Court discusses below.

### iii. Clerical and Administrative Work

Defendant objects to 2.9 hours of work which it deems to be clerical or administrative work and thus unrecoverable as attorney's fees under the EAJA. (ECF No. 34 at 12–13.) Within this, Defendant specifically objects to two 0.1-hour time entries on tasks that it alleges actually required less than six minutes of time. (ECF No. 34 at 13.) Plaintiff argues that the tasks which Defendant claims are clerical fall into a "gray area" and could be appropriately performed by either an attorney or a paralegal. (ECF No. 35 at 16.)

The Ninth Circuit has explained that "[i]t simply is not reasonable for a lawyer to bill, at her regular hourly rate, for tasks that a non-attorney employed by her could perform at a much lower cost." *Davis v. City & County of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1993). "[C]osts associated with clerical tasks are typically considered overhead expenses reflected in an attorney's hourly billing rate, and are not properly reimbursable." *See Nadarajah v. Holder*, 569

F.3d 906, 921 (9th Cir. 2009). First, the Court finds it reasonable to compensate for time Plaintiff's Counsel spent drafting letters to Plaintiff and drafting emails regarding extensions of time during 2017 and 2018. The Court notes that the minimum time-tracking available to Plaintiff's Counsel is 0.1 hours, and it finds Defendant's argument about potential billing inflation unfounded. Next, having reviewed Plaintiff's Counsel's work log, many of the tasks in question could have easily been completed by clerical staff particularly the calendaring of court dates and document preparation. Preparation of documents such as the complaint are predominantly boilerplate but do require a certain amount of review by counsel. *See Reyna v. Astrue*, 2011 WL 6100609, at *2 (E.D. Cal. Dec. 6, 2011). Accordingly, the Court reduces this request by 1.4 hours for work performed in 2016, which reduces the compensable attorney's fees by $269.75.

*iv. Teleconferencing*

Defendant requests the Court strike 0.6 hours where Plaintiff's Counsel entered time teleconferencing with her client and argues it is unclear how these entries relate to the litigation. (ECF No. 34 at 13.) In reply, Plaintiff argues that during this time Plaintiff's Counsel communicated with Plaintiff about the status of his case and answered questions. (ECF No. 35 at 17.) Plaintiff cites to persuasive authority, where the Northern District found that time spent communicating with a client is compensable under the EAJA. (ECF No. 35 at 17.) The Court agrees and finds the 0.6 hours are properly billed. As such, the Court will not strike the hours.

*v. Boilerplate Language on EAJA Motion*

Plaintiff requests 2.8 hours for time spent by Plaintiff's Counsel to research, draft, and finalize Plaintiff's EAJA motion. (ECF No. 31-2 at 4.) Defendant argues Plaintiff's motion is a boilerplate petition for EAJA fees and required minimal time by Plaintiff's Counsel. (ECF No. 34 at 14.) Defendant requests the Court to strike 1.8 hours and cites to cases from this district where the courts have reduced time on EAJA motions to one hour or less. (*See* ECF No. 34 at 14.) Having reviewed Plaintiff's petition for fees and that of prior cases by Plaintiff's Counsel, the Court finds several similarities. Beyond the replacing of names and various numbers and calculations, there are only minor change to Plaintiff's motion. Moreover, Plaintiff fails to address the legal authority presented by Defendant or why the Court should not follow the same

reasoning of that persuasive authority.  Plaintiff will therefore be allowed 1.0 hour for this task which is reasonable and consistent with other awards in this district.  Accordingly, the Court strikes 1.8 hours and reducing the attorney fee award for this task by $362.88 (1.8 hours x $201.60).

>  *vi.  Time Spent on Reply Brief*

Defendant asks the Court to strike 1.8 hours from the hours Plaintiff requests for time spent on the reply brief.  (ECF No. 34 at 14.)  In his reply, Plaintiff requests 13.6 hours for time Plaintiff's Counsel spent preparing the reply brief and notes Defendant made a request to strike 1.8 hours without seeing the brief.  (ECF No. 35 at 18.)  The Court disagrees with Defendant's request to arbitrarily strike 1.8 hours with no justification.  The Court has reviewed Plaintiff's reply and finds it comprehensively responds to each of Defendant's opposition arguments without being redundant or over-briefed.  Therefore, the Court finds the 13.6 hours for time spent on the reply brief is reasonable and will not strike any hours.

>  *vii.  Costs and Expenses*

Defendant objects to $165.00 in legal research expenses and $37.10 in photocopying expenses and contends that such expenses are redundant and unnecessary.  (ECF No. 34 at 14–15.)  Neither party provides binding legal authority in support of their arguments for or against the compensability of the costs in question.  However, the Court finds the cases cited by Plaintiff persuasive and applicable.  First, the Court finds that the $165.00 was properly billed under the EAJA as it relates to the work performed by Plaintiff's Counsel and is neither redundant nor unnecessary.  Next, the Court finds that the $37.10 for copying and postage for letters to Plaintiff is compensable under the EAJA.  Therefore, the Court finds Plaintiff's request for costs and expenses are reasonable and compensable under the EAJA.

> C. <u>Assignment of the Fee Award</u>

The parties disagree as to whether any award must be payable directly to Plaintiff, and not Plaintiff's Counsel.  (ECF No. 33 at 11–12; ECF No. 34 at 15.)  Plaintiff requests the Court order Defendant to make fees, costs, and expenses payable directly to Plaintiff's Counsel, after the United States Department of Treasury ("DOT") determines that Plaintiff does not owe a federal

debt. (ECF No. 33 at 11–12.) Defendant urges the Court to specify that Plaintiff is the payee and any assignment can only be honored with the prior consideration by the United States DOT's Offset Program. (ECF No. 34 at 15.)

Under the EAJA, fees are payable to the "prevailing party." 28 U.S.C. § 2412(d)(1)(A); *Astrue v. Ratliff*, 560 U.S. 586, 590 (2010). As a result, the payment is subject to a government offset to satisfy any pre-existing debt owed by a claimant. *See Ratliff*, 560 U.S. at 592–93.

Notably, under the Anti-Assignment Act, a claim against "the United States may not be assigned to a third party unless [certain] technical requirements are met." *United States v. Kim*, 806 F.3d 1161, 1169 (9th Cir. 2015); 31 U.S.C. § 3727. "[I]n modern practice, the obsolete language of the Anti-Assignment Act means that the Government has the power to pick and choose which assignments it will accept and which it will not." *Kim*, 806 F.3d at 1169–70. In addition, the Anti-Assignment Act "applies to an assignment of EAJA fees in a Social Security Appeal for disability benefits." *Yesipovich v. Colvin*, 166 F.Supp.3d 1000, 1011 (N.D. Cal. 2015).

Here, Plaintiff has assigned his right to EAJA fees to Plaintiff's Counsel. (ECF No. 33 at 11.) Therefore, the EAJA fees should be made payable directly to Plaintiff's Counsel subject to any government debt offset and the government's waiver of the Anti-Assignment Act requirements. *See Yesipovich*, 166 F. Supp. 3d at 1011; *see also Beal v. Colvin*, 2016 U.S. Dist. LEXIS 124272 (N.D. Cal. Sept. 13, 2016) (holding where there was "no information on whether plaintiff owes any debt to the government[,]... the EAJA fee shall be paid directly to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt and subject to the government's waiver of the requirements under the Anti-Assignment Act"). If the government chooses to not accept the assignment, payment shall be made to Plaintiff, and mailed to Plaintiff's Counsel. *See, e.g. Francesconi v. Saul*, No. 1:17-cv-01391-JLT, 2019 WL 3410390, at *4 (E.D. Cal. July 28, 2019); *Mallard v. Berryhill*, No. 1:17-cv-01212-JLT, 2019 WL 2389506, at *6 (E.D. Cal. June 5, 2019); *Loza v. Berryhill*, No. 1:17-cv-00598-JLT, 2019 WL 1367801, at *5 (E.D. Cal. Mar. 26, 2019).

**IV. CONCLUSION**

Based on the foregoing, the Court finds that Plaintiff's Counsel expended 112 hours litigating this case with 31.6 hours at the 2016 rate of $192.68 per hour, 64.2 hours at the 2017 rate of $196.79 per hour, and 16.2 hours at the 2018 rate of $201.60 per hour, and Plaintiff incurred $232.45 in costs and expenses.

Accordingly, it is hereby ORDERED THAT:

1. Plaintiff's motion for attorney's fees (ECF No. 33) is granted in part;
2. Plaintiff is awarded attorney's fees under the EAJA in the amount of $21,988.53, plus costs and expenses of $232.45, for a total award of $22,220.98;
3. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), Defendant shall determine whether Plaintiff's EAJA award is subject to any offset and, if the fees are not subject an offset, payment shall be made payable to Plaintiff. If the Government decides to accept the assignment of fees, payment shall be made payable to Plaintiff's Counsel, Barbara Marie Rizzo; and
4. Payment shall be mailed to Plaintiff's Counsel, Barbara Marie Rizzo.

Dated: December 18, 2019

Troy L. Nunley
United States District Judge